IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY A. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3361-SSA-CV-S-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Jerry Baker seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* The parties' briefs are fully submitted.

### Standard of Review

The reviewing court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

Substantial evidence is "relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Young v. Apfel, 221 F.3d at 1068. It is more than a scintilla of evidence, McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983), but is less than a preponderance of the evidence. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001). The possibility of drawing inconsistent conclusions from the evidence does not prevent

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

the Commissioner's finding from being supported by substantial evidence.  Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d at 282.  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian, 697 F.2d at 220.

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

### Discussion

Claimant Jerry Baker was born in 1964.  He has an eleventh grade education, is five feet ten inches tall and weighs approximately 350 pounds.  He claims he became disabled on November 7, 2005, and has limited activities because of back, shoulder and feet pain.  He previously worked as a glazier, installing glass and windshields.  He also pumped gas and worked as a cashier at a service station.

After considering the evidence, the Administrative Law Judge (ALJ) found plaintiff had the impairments of degenerative disc disease, morbid obesity and sleep apnea, which were

2

severe within the meaning of the Social Security Act. Baker also had depression, diabetes and hypertension, which were responding to treatment and which were not severe within the meaning of the Act.

The ALJ determined plaintiff had the residual functional capacity to perform a range of light exertional work, with certain limitations. The ALJ found plaintiff could lift and carry ten pounds frequently and twenty pounds occasionally. He could stand and walk for six hours in an 8-hour work day, and could sit for six hours in an 8-hour work day, but should alternate between sitting and standing. His ability to push and pull was subject to the lifting restrictions.

In challenging the ALJ's decision, Baker does not dispute the ALJ's determination of his severe impairments. Instead, claimant asserts the ALJ failed to qualify the vocational expert and to ask if his testimony was consistent with the Dictionary of Occupational Titles, (DOT). Claimant indicates the expert's testimony conflicted with the DOT. Baker also asserts the ALJ failed to consider obesity in his finding of residual functional capacity and failed to consider that obesity is a nonexertional impairment. Finally, Baker states the residual functional capacity was in error, because it relied on the findings of a disability counselor rather than a physician.

In response, the Commissioner notes the vocational expert testified to his work experience and that the expert's resume was part of the record. The expert testified he had served as a vocational expert for Social Security for fifteen years. At the hearing, claimant's attorney did not further inquire about the expert's qualifications.

The Commissioner also cites Hall v. Chater, 109 F.3d 1255, 1259 (8th Cir. 1997), to support his position that the DOT definitions are "simply generic job descriptions that offer 'the approximate maximum requirements for each position, rather than their range.'" In this case, the expert testified that his job examples of cashiering jobs were commonly observable and that he found they occurred randomly. This was a sufficient explanation of any deviation from the generic job description found in the DOT, and the ALJ did not make a reversible error in relying on the testimony.

The court finds that when the evidence is considered as a whole, the ALJ did consider Baker's obesity in determining his residual functional capacity, and that the obesity did not

3

impose nonexertional limitations that would affect his ability to sustain work. The record does not disclose Baker had cognitive limitations or suffered from substantial pain requiring regular use of prescription pain medication. Plaintiff complains of pain, but did not seek substantial medical care for it and does not appear to have regularly taken prescription pain medication. The issue is not whether plaintiff was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).

Finally, for the reasons set forth by the Commissioner, the court finds that the ALJ properly noted and relied on the medical evidence in reaching claimant's residual functional capacity, and did not improperly rely upon a disability counselor's report. The similarity between the counselor's report and the ALJ's findings is supported by the medical evidence of record from appropriate treating or examining medical sources, and there is no indication the ALJ gave any weight to the counselor's report.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds substantial evidence to support the ALJ's decision to discount plaintiff's testimony. Further, the agency's decision is supported by substantial evidence on the record.

Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 29th day of December, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*
_____
WILLIAM A. KNOX
United States Magistrate Judge

4